UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:14-cr-84-SPC-CM

LONNIE LEROY HICKS

### PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSET [1]

Before the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(e)(1)(B), is the United States' Motion for Preliminary Order of Forfeiture for Substitute Asset. (Doc. 41). The Government seeks a preliminary order of forfeiture for $76,204.00 in surplus funds resulting from the foreclosure sale of the defendant's real property on April 27, 2022, in the case of *Single-Family Homeowners Association at Bella Terra, Inc. vs. Lonnie Hicks, et al.*, Case No. 21-CC-005434, in satisfaction of the defendant's $76,204.00 order of forfeiture.

On February 11, 2015, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court entered a Forfeiture Money Judgment against the defendant in the amount of $76,204.00. (Doc. 33).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The United States is entitled to forfeit the substitute asset identified above, in satisfaction of the defendant's Forfeiture Money Judgment.

Accordingly, it is **ORDERED** that the United States' Motion for Preliminary Order of Forfeiture for Substitute Asset (Doc. 41) is **GRANTED**.

It is **FURTHER ORDERED** that, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the surplus funds described above are **FORFEITED** to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), in partial satisfaction of the defendant's Forfeiture Money Judgment.

Assuming no third-party files a successful claim to the surplus funds, the proceeds from the forfeited property will be credited towards the defendant's Forfeiture Money Judgment.

The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment.

**DONE AND ORDERED** in Fort Myers, Florida on August 3, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record